THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD McCULLOUGH, Appellant.

710

Christ, Rabin, Benjamin and Nolan, JJ., concur. Beldock, P. J., concurs in the reversal as to the conviction for assault with intent to commit rape, but dissents as to the convictions for assault with intent to commit sodomy and for violation of section 483 of the Penal Law, and votes to affirm those convictions, with the following memorandum: As stated by the majority, the evidence was legally sufficient to sustain the conviction for assault with intent to commit sodomy. In my opinion, the basic rationale of the Court of Appeals decisions reversing convictions for assault with intent to commit rape where there was testimony of a consummated rape is that such convictions constitute circumvention of the corroboration requirements for rape convictions (see, *People* v. *Lo Verde*, 7 N Y 2d 114). That is not the case here. Since no corroboration is presently required to convict for sodomy in the first degree, a conviction for assault with intent to commit sodomy, notwithstanding testimony as to completed acts of sodomy and rape, does not constitute a circumvention of the corroboration requirements. Under the facts herein, the testimony of completed acts of rape was so interrelated with the testimony tending to prove defendant's guilt of the sodomy charges as to render it impractical to prove one while completely excluding testimony as to the other. The purpose of this testimony was not to show defendant's criminal propensity but was rather evidence of an over-all pattern of sexual abuse by defendant of his 15-year-old stepdaughter over an extended period of time. Defendant should not be permitted to use the fact that testimony was admitted that he committed acts of rape, a charge for which, under the law, he could not be convicted by the evidence available, as a shield to protect him from conviction for crimes which he committed as part of the same course of conduct. This reasoning applies as well to the conviction for endangering the life and health of a child. The jury was entitled to find the defendant guilty of this charge upon the evidence of acts of sodomy.